FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 23 AM 9: 25

CLERK _Rw_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.       403CR279
         406CV168

JAMIE EDWARD BYRD

## ORDER

Defendant Jamie Edward Byrd, having unsuccessfully appealed his bank robbery conviction, *U.S. v. Byrd*, 403 F.3d 1278 (11th Cir. 2005), filed a 28 U.S.C. § 2255 motion which the Magistrate Judge (MJ) advised this Court to deny. 406CV168, doc. # 5. It did, doc. # 12, and also denied Byrd's motion (doc. 9) to amend his § 2255 motion (Byrd had failed to show good cause for waiting until after R&R issued to advance another claim). *Id.*

Byrd timely filed a Notice of Appeal (NOA) and applied for a Certificate of Appealability (COA). Doc. # 13. Later, however, he moved to withdraw his COA application. Doc. # 14. He said that he "wrongfully filed it" and "will make proper file [sic] by making corrections." *Id.* at 1. The Court granted that motion, doc. # 17, and Byrd has since refiled it, # 18, so the Court will now rule on it plus his pending motion for leave to appeal *in forma pauperis* (IFP). Doc. # 16.

Defendant's COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't of Corr.*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007); 28 U.S.C. § 2253(c)(2). His IFP motion is examined under the pre-PLRA version of 28 U.S.C. § 1915. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998).

A jury convicted Byrd of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d); one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Doc. # 5 at 1. The Eleventh Circuit affirmed that conviction in *U.S. v. Byrd*, 403 F.3d 1278 (11th Cir. 2005).

In his § 2255 motion, Byrd alleges that ineffective assistance of trial counsel (IAC) led to his conviction.[1] Doc. # 5 at 2. Specifically, he maintained that his trial counsel (1) labored under a conflict of interest; (2) failed to file a motion to suppress evidence that had been obtained by illegal search and seizure; (3) failed to investigate and object to the prior-served federal conviction used in Byrd's sentencing, and (4) failed to represent defendant adequately during trial by failing to properly investigate and prepare and, as a result of his conflict of interest, by presenting a defense which assisted the prosecution. *Id.* at 3.

The MJ concluded, and this Court agreed, that Byrd's counsel was not ineffective and Byrd showed no conflict of interest. *Id.* at 3-18; ## 12-13. In his COA Byrd presents, as arguments he intends to raise on appeal, the following issues:

---

[1] *See Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006) (Eleventh Circuit's IAC claim criteria explaining that, even if a defense lawyer erred, the defendant must also show that the error legally prejudiced him).

Counsel was ineffective for not arguing priors, which enhanced Byrd's sentence. A jury of twelve would have acquitted the Movant on argument four (4) of 28 U.S.C. § 2255 Motion. Counsel was ineffective for not arguing priors.

Doc. # 17 at 1. "Argument four" of his § 2255 motion is:

> WHETHER [COUNSEL WAS INEFFECTIVE] AT SENTENCING DUE TO COUNSEL'S FAILURE TO OBJECT TO THE USE OF PRIOR SERVED CONVICTIONS WHICH WERE OBTAINED IN VIOLATION OF THE U.S. CONSTITUTION AND WHICH RESULTED IN THE COURT IMPOSING AN ILLEGAL SENTENCING IN VIOLATION OF LAW?

Doc. # 1 at 11. Byrd's COA application must be rejected because "a jury of twelve" would have nothing to do with his sentencing, so arguing that a "jury of twelve would have acquitted the Movant on argument four (4) of 28 U.S.C. § 2255 Motion" raises no substantial showing that he has been denied a constitutional right. Byrd simply was not entitled to have a jury resolve the factual matters then reached. As the MJ explained:

> Before being sentenced, [Byrd] was given an opportunity to review his [Presentence Investigation Report (PSI)], which noted that the resulting guideline range for his offense level and criminal history category was 84 to 105 months' imprisonment, plus 84 months as to count 2. Movant stated to the Court that he had reviewed the PSI and that his counsel had helped him to gain an understanding of it. CR403-279, doc. 45 at 5. Movant did not object to the factual accuracy of the PSI or the PSI's guidelines applications. CR403-279, doc. 45 at 6. Movant has not shown that his attorney erred.

Doc. # 5 at 15. Even were Byrd's counsel ineffective, the MJ explained, Byrd must still show that he was prejudiced by that ineffectiveness. *Id.* He was not:

> The Court sentenced movant within the unobjected to guideline range and granted no upward departure. If the Court had deducted the two criminal history points from movant's total, he would have been assigned to the same criminal history category with the same sentencing range. Therefore, movant has not shown that his attorney's failure to object to the PSI prejudiced him. Accordingly, this ground of the § 2255 motion must be denied.

Doc.# 5 at 15. Nowhere in his COA application does Byrd even hint at showing IAC prejudice, *see supra* n. 2, much less that any error by this Court prejudiced him within the meaning of F.R.Civ.P. 61 ("Harmless Error").

Accordingly, the Court **DENIES** defendant Jamie Edward Byrd's COA and IFP motions. Doc. ## 16, 18.

This 2 day of July, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA